No. 1960.—LOUISIANA MUTUAL INSURANCE COMPANY *v.* G. BATT and S. CAMBON.—SAME *v.* JEAN DUBARRY and W. MAYLIE—Consolidated.

Notes that have been given to the city of New Orleans for a lease of certain markets, secured by mortgage, which have been transferred by the city, and passed into the hands of third parties before maturity, can not be discharged in city notes. In such a case, the holder can recover from the maker the full amount in lawful currency.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Race, Foster & E. T. Merrick,* for plaintiffs and appellants. *Cyprien Dufour,* for defendants and appellees.

HOWE, J. The notes sued upon in these cases were made as follows: The one by G. Batt, with S. Cambon as indorser, the other by Jean Dubarry, with W. Maylie as indorser. They were rent notes, given in this form to the city of New Orleans in accordance with the terms of certain market leases, and paraphed by the notary before whom the leases were executed. They were transferred before maturity, and for a valuable consideration, to the plaintiff.

The defense in each case was, that the note in suit was made payable at the office of the City Treasurer; that it was identified with the lease; that the city of New Orleans had agreed to received what are known as "city money," or "city notes," in payment of debts due to it; that the defendants had tendered the same at the maturity of the

obligation in suit; and that the plaintiffs were fully aware of these equities, and were not *bona fide* holders of the note, but held the same for account of the city of New Orleans.

The court below gave judgment as prayed for by the defendants, decreeing that the notes be paid in "city money," and that the costs of the suit be borne by plaintiffs, and the plaintiffs have appealed.

It plainly appears, from the testimony, that the plaintiffs became, as already remarked, owners of the notes for value, before maturity. As for notice of any such equity as that alleged, we are unable to find any in the notes, the paraphs, or the leases, or that any such notice was otherwise brought home to the plaintiffs. The case is not unlike that of Case *v.* Berwin, lately decided, and the judgment should be the same. 22 An. page —.

It is therefore ordered, in the case first named, being No. 21,751 of the docket of the Fourth District Court for the parish of Orleans, that: the judgment appealed from be amended in favor of plaintiffs, by striking therefrom the clause which provides that the same shall be payable in city money, and that the costs shall be borne by plaintiffs; that, as thus amended, the judgment be affirmed, and that the defendants, Batt and Cambon, pay, *in solido*, the costs of both courts.

And, in the case secondly named, being No. 21,752 of the docket of said district court, it is ordered that the judgment appealed from be amended in favor of plaintiffs, by striking therefrom the clause which provides that the same shall be payable in city money, and that the costs be borne by plaintiffs; that, as thus amended, the judgment be affirmed, and that the defendants, Dubarry and Maylie, pay, *in solido*, the costs of both courts.